IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON B. ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-102 |
| | ) | |
| GEORGIA BOARD OF HUMAN | ) | |
| RESOURCES and GEORGIA | ) | |
| DEPARTMENT OF HUMAN | ) | |
| RESOURCES, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on August 20, 2008, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 5). Plaintiff filed her amended complaint, and it is that document that the Court will now screen. (Doc. no. 9).

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names as Defendants the Georgia Board of Human Resources ("the Board") and the Georgia Department of Human Resources ("the Department"). (Doc. no. 9). Plaintiff states that Defendants are "now and at all times herein mentioned, a state board and department operating withing the scope and authority of O.C.G.A. § 37-1-21(a) and 37-1-21(b)."[1] (Id.). Plaintiff provides in her amended complaint:

> Plaintiff has a constitutionally protected, inalienable, and inherent right to the relief in which she seeks, and is entitled to procedural due process and equal protection of the laws.
>
> 1. On July 10, 2008, the Board and Department did promulgate and or verbally approve and pass rules or regulations that are directly unconstitutional or illegal because they violate Georgia Mental Health Illness Laws.
>
> 2. On July 11, 2008, the Department did perform an administrative action which violated state and or federal Mental Illness and Public Health Laws, Bill of Rights, and the United States Constitution.

(Id. at 2). As relief, Plaintiff demands:

> Judgment be entered on the constitutionality of the rules and regulations which governs assessment/referrals, and commitment of persons involuntary and voluntary as promulgated and passes by the Board and Department. Also that Georgia Codes 37-3-43; 37-3-61; and 37-3-62[2] be statutorily

---

[1] O.C.G.A. § 37-1-21 describes the institutional powers and duties of the Department of Human Resources.

[2] Title 37 of the Georgia Code covers mental health. O.C.G.A. § 37-3-43 covers the procedure in emergency receiving facility and notice of proposed discharge; O.C.G.A. § 37-3-61 covers the evaluating facilities for examination of persons ordered to undergo evaluation for metal illness, and explains the proceeding for a court ordered evaluation may be initiated; O.C.G.A. § 37-3-62 covers the evaluating facilities for examination of persons ordered to undergo evaluations for mental illness.

2

interpreted by this Court . . ."

(Id.).

## II. DISCUSSION

Plaintiff's amended complaint again falls short of the requirements of the Federal Rules of Civil Procedure, which require a "short, plain statement" of the claims entitling Plaintiff to relief.[3] In the Order directing Plaintiff to amend her complaint, the Court explained that Plaintiff's allegation that Defendants' promulgation of rules or regulations - in some unspecified way - were in contravention of Georgia State laws and the United States Constitution was insufficient to state a claim upon which relief could be granted. (Doc. no. 5). The Court further explained that, the original complaint did not identify the actual rule about which Plaintiff was complaining, i.e. she only offered her own summary. As such, the Court could not discern what, if any, claim Plaintiff was alleging regarding any specific provision of a particular rule. Additionally, the Court noted, other than proffering the conclusory statement that "the unlawful rule will allow [] Plaintiff's assessment in any of its intake/emergency evaluating facilities without probable cause," Plaintiff did not allege how this purported rule applied to, or affected, her.

Upon review of the amended complaint, the Court finds that Plaintiff has failed to cure the pleading deficiencies noted in her original complaint. First, Plaintiff fails to show that she is entitled to any relief. For example, in Plaintiff's statement of claims, she states that Defendants promulgated and or verbally approved and passed rules or regulations that

---

[3]Under Fed. R. Civ. P. 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that she is entitled to relief, and (3) demanding judgment for the relief that she seeks.

3

are unconstitutional or illegal because they violate "Georgia Mental Health Illness laws." However, Plaintiff does not provide what rules or regulations Defendants promulgated. Nor does she explain how these unspecified rules or regulations are illegal or unconstitutional. Plaintiff also states that the Department performed an administrative action which violated "state and or federal Mental Illness and Public Health Laws, Bill of Rights, and the United States Constitution." However, Plaintiff fails to state what the Department's administrative action was, and she again fails to allege how this unspecified action violated the "state and or federal Mental Illness and Public Health Laws, Bill of Rights, and the United States Constitution."

Not until the damages section of her amended complaint does Plaintiff cite to three different statutes concerning mental health, O.C.G.A. §§ 37-3-43, 37-3-61, and 37-3-62. (Doc. no. 9, p. 2). And there again, Plaintiff simply lists the citations for the statutes. However, simply listing three different statutes and claiming that they are "unconstitutional or illegal because they violate Georgia Mental Health Illness Laws," the Bill of Rights, and the United States Constitution, is not enough for the Court to discern what, if any, claims Plaintiff may be alleging regarding any specific provision of a particular rule that has been applied to her. As previously noted, Plaintiff does not state how these statutes contravene Georgia State laws, nor does she give any inclination as to how these statutes apply to, let alone affect, her.

Without this information, Plaintiff has failed to allege any viable claims. Simply put, Plaintiff has not given Defendant a fair notice of the basis of her asserted claims. Even *liberally* construing Plaintiff's amended complaint, she has not alleged sufficient information

4

to show that she is entitled to relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of October, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE